IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) |
| vs. | ) Criminal No. 08-80 (*See* Civil No. 16-880) ) |
| TERRANCE CLARK | ) ) ) |

ORDER

AND NOW, this 12th day of January 2022, having considered Petitioner's motion and amended motion to vacate and correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. Nos. 41, 64), filed in the above-captioned matter on June 20, 2016 and October 4, 2021,

And having further considered the Government's response (Doc. No. 65), filed on November 4, 2021,

IT IS HEREBY ORDERED that the motion is DENIED.

**I.    Background**

In 2008, Petitioner pleaded guilty to violating 18 U.S.C. §§ 924(c)(1)(A)(i) and (ii) which punishes by imprisonment "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm," with subsection (ii) enhancing the minimum term of imprisonment where the firearm is "brandished." Pursuant to his plea agreement, Petitioner acknowledged his responsibility for the underlying "crime of violence"—18 U.S.C. §§ 111(a)(1) and (b)—which punishes anyone who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with" designated officers and employees while they are performing their official duties or because of their performance of such duties. *Id.* § 111(a)(1). Subsection (b) applies where the defendant, in violating subsection (a),

1

"uses a deadly or dangerous weapon . . . or inflicts bodily injury." As a result, Petitioner was sentenced to eighty-four months' imprisonment, followed by three years of supervised release. Later, in 2011, Petitioner pleaded guilty in a separate matter (Criminal No. 08-411) to having violated 18 U.S.C. § 1962(d) (RICO Conspiracy), and he was sentenced to 154 months' imprisonment set to run consecutively to his yet undischarged term of eighty-four months in this matter. (Doc. Nos. 1763, 2302, 2303). His anticipated date of release is December 12, 2027.[1]

Petitioner moved to vacate and correct his sentence pursuant to 28 U.S.C. § 2255 on June 20, 2016 after the Supreme Court issued its decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson II*"). (Doc. No. 41). The matter was repeatedly stayed pending rulings implicating the questions presented here. Once the stay was lifted, Petitioner amended his motion to argue that the Supreme Court's decisions in *United States v. Davis*, 139 S. Ct. 2319 (2019) and *Borden v. United States*, 141 S. Ct. 1817 (2021) further undermined his conviction pursuant to 18 U.S.C. § 924(c). (Doc. No. 64). The Government opposes Petitioner's motion (Doc. No. 65) and, for the reasons explained herein, the Court will deny it.

**II.     Discussion**

28 U.S.C. § 2255(a) gives "[a] prisoner in custody under sentence of a court established by Act of Congress" a way to "move the court which imposed the sentence to vacate, set aside or correct the sentence" if "the sentence was," among other things, "imposed in violation of the Constitution or laws of the United States." Petitioner advances the argument that his section 924(c) conviction and resultant sentence are indeed contrary to the Constitution and laws of the

---

[1]     Find an Inmate, Fed. Bureau of Prisons, https://www.bop.gov/mobile/find_inmate/ (last visited Dec. 22, 2021).

United States. (Doc. No. 64).[2] His challenge of the conviction centers on the definition of "crime of violence" in section 924(c) and whether his underlying offending conduct—violating sections 111(a)(1) and (b)—was erroneously found to meet that definition. Because Petitioner acknowledged responsibility for conduct prohibited by sections 111(a)(1) *and* (b) (Doc. Nos. 24, 25), section 111(b) is the "operative statutory provision" for purposes of the Court's analysis. *United States v. Bullock*, 970 F.3d 210, 215 (3d Cir. 2020) (citation omitted).

It is Petitioner's position that a violation of section 111(b) is not a crime of violence for purposes of section 924(c). Section 924(c)(3) offers two definitions of a "crime of violence." The first definition appears at subsection 924(c)(3)(A) and is often referred to as the "elements" clause. *See United States v. Dominique Johnson*, 899 F.3d 191, 203 (3d Cir. 2018). The second definition appears at subsection 924(c)(3)(B) and is referred to as the "residual" clause. *See id.* The residual clause is now defunct—the Supreme Court found it unconstitutionally vague in *Davis*. 139 S. Ct. at 2336. The Supreme Court had considered a nearly identical vagueness challenge to the "violent felony" residual-clause definition at 18 U.S.C. § 924(e)(2)(B)(ii) in *Johnson II*, and, based on its decision there and in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), axed section 924(c)(3)(B) as well. *Davis*, 139 S. Ct. at 2326, 2336. The Supreme Court thereby allayed its concern that crime-of-violence determinations pursuant to the residual clause came

---

[2] The Court notes that it appears Petitioner had completed the term of imprisonment imposed at Criminal No. 08-80 when he moved to vacate and correct sentence in 2016. In *Garlotte v. Fordice*, the Supreme Court considered a 28 U.S.C. § 2254 petition for habeas relief from a state conviction where the petitioner had already served the sentence associated with the challenged conviction but remained incarcerated due to consecutive sentences. 515 U.S. 39, 41 (1995). The Supreme Court explained it would view his consecutive sentences "in the aggregate" for purposes of the "in custody" requirement for habeas relief. *Id.* at 45—46 (citing *Peyton v. Rowe*, 391 U.S. 54, 67 (1968)). In keeping with *Garlotte*, this Court finds it is appropriate to consider Petitioner's motion.

down to "a judge's estimation of the degree of risk posed by a crime's imagined 'ordinary case.'" *Id.* at 2326.

Because the residual-clause definition is a nonstarter, Petitioner's conviction is only valid if section 111(b) meets the elements-clause definition of a crime of violence at subsection 924(c)(3)(A). At first blush, there appears to be a straightforward answer as, in *United States v. Bullock*, the Third Circuit determined that a violation of section 111(b) constituted a crime of violence pursuant to a nearly identical elements definition in the United States Sentencing Guidelines. 970 F.3d at 214, 217.[3] This Court is, of course, obligated to apply the Third Circuit's precedential decisions unless such a decision "has been overruled by the court of appeals sitting in banc or by an opinion of the Supreme Court." *Loftus v. Se. Pennsylvania Transp. Auth.*, 843 F. Supp. 981, 984 (E.D. Pa. 1994). Petitioner argues the latter exception applies and that *Bullock* was abrogated by the Supreme Court's decision in *Borden v. United States*, 141 S. Ct. 1817 (June 10, 2021).[4] Having considered *Bullock*, *Borden*, and the Third Circuit's elements-clause precedents, the Court finds *Bullock* is unmoved and, therefore, controls.

---

[3]     *Compare* U.S.S.G. § 4B1.2(a)(1) ("The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another") *with* 18 U.S.C. § 924(c)(3)(A) ("For purposes of this subsection the term 'crime of violence' means an offense that is a felony and . . . has as an element the use, attempted use, or threatened use of physical force against the person or property of another"). Precedents pertaining to the Sentencing Guidelines' crime-of-violence definition usually also apply to cases that address similar crime-of-violence and violent-felony definitions at 18 U.S.C. §§ 16 and 924 because they are so similar. *See United States v. Wilson*, 880 F.3d 80, 83 (3d Cir. 2018).

[4]     Petitioner, however, is inconsistent in his presentation of *Borden*'s effect, elsewhere acknowledging that *Borden*'s holding "reaffirm[ed] existing Third Circuit precedent." (Doc. No. 64, pg. 13 n.3).

In *Bullock*, the Third Circuit employed the modified categorical approach to examine section 111(b) to determine whether it constituted a "crime of violence" for purposes of U.S.S.G § 4B1.1's career offender enhancement. 970 F.3d at 213—14. The court determined that a conviction pursuant to section 111(b) required a "forcible assault" by either "(1) using a deadly or dangerous weapon, or (2) inflicting bodily injury," and that anyone who violated subsection 111(b) had necessarily "used physical force against the person of another." *Id.* at 215—16. The court further explained that the use of force "contemplated by the statute" is force that is "directed at the officer," regardless of whether the force was direct or indirect. *Id.* at 216. Accordingly, the Third Circuit found section 111(b) did indeed qualify—categorically—as a crime of violence. *Id.* at 217.

In arriving at that decision, the Third Circuit did not specifically address the minimum *mens rea* for an elements-clause crime of violence. Petitioner argues that the Third Circuit's focus was elsewhere, particularly on "Bullock's attempted distinction between direct and indirect force that results in bodily injury," which the court necessarily rejected. *Id.* at 216–17 (citing *United States v. Castleman*, 572 U.S. 157, 170 (2014); *United States v. Chapman*, 866 F.3d 129, 132–33 (3d Cir. 2017)). Petitioner appears to further argue that, in the absence of a discussion of the minimum culpable mental state, the presumed *mens rea* floor for section 111(b) was recklessness.[5] Therefore, Petitioner argues, *Bullock* was upended when the Supreme Court

---

[5] Petitioner proffers several bases for his belief that section 111(b) requires only recklessness and that the Third Circuit in *Bullock* must have implicitly accepted that aspect of the offense. For instance, he argues that, absent an explicit intent requirement for section 111(b), the Model Penal Code would suggest recklessness is sufficient. (Doc. No. 64, pgs. 18—19). He also argues that several federal appellate courts have described section 111 as a "general intent" crime and further references the Third Circuit's discussion of general intent and recklessness as they relate to the definition of "torture" for immigration purposes to argue that—as a general intent crime—section 111 must capture reckless conduct. (Doc. No. 64, pgs. 13—14) (citing *Auguste v. Ridge*, 395 F.3d 123 (3d Cir. 2005)). Finally, he argues that section 111 was intended

5

decided in *Borden* that offenses that can be committed with a reckless *mens rea* are not encompassed by the Armed Career Criminal Act's (ACCA) elements-clause definition of a "violent felony." 141 S. Ct. at 1834, 1835 (Thomas, J., concurring).[6]

Contrary to Petitioner's position, the Third Circuit's elements-clause precedents predating *Bullock* show that the Third Circuit's decision in that matter was not based on an erroneous assumption, rather, the court anticipated the Supreme Court's decision in *Borden*. For instance, in *Popal v. Gonzales*, the court considered the Board of Immigration Appeals' (BIA) final order of removal concerning a petitioner who was determined to have committed a crime-of-violence aggravated felony. 416 F.3d 249, 251 (3d Cir. 2005). The petitioner's underlying offense was a conviction for simple assault in Pennsylvania, which the BIA considered to be a crime of violence pursuant to 18 U.S.C. § 16(a).[7] However, the Pennsylvania statute in question prohibited causing or attempting to cause bodily injury "intentionally, knowingly or recklessly." *Popal*, 416 F.3d at 253 (citing 18 Pa. Cons. Stat. § 2701(a)). Assuming the petitioner had acted recklessly, the Third Circuit decided the petitioner's simple assault conviction was not a crime of violence pursuant to section 16(a). *Id.* at 254. The court explained that it was "settled law in th[e] Circuit" that section 16(a) required "intent to use force." *Id.* Additionally, the court was encouraged in its position by the Supreme Court's decision in *Leocal v. Ashcroft*, 543 U.S. 1

---

to afford broad protections to federal officers and functions, therefore, construing it to require knowing or intentional conduct would "scale back the broad protection Congress intended." (Doc. No. 64, pg. 19).

[6] In 18 U.S.C. § 924(e)(2)(B)(i), "violent felony" is defined as a crime punishable by more than one year of imprisonment (and certain juvenile offenses) that "has as an element the use, attempted use, or threatened use of physical force against the person of another."

[7] "The term 'crime of violence' means . . . an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.*

(2004), where the Supreme Court did not address recklessness but determined that section 16(a) at least required "a *mens rea* greater than negligence." *Id.* (citing *Leocal*, 543 U.S. at 9). The Circuit's "settled law" in *Popal* thus informed the court in *Bullock*, and it is clear to this Court that *Bullock* was premised upon the Third Circuit's understanding that elements-clause crime of violence definitions do not cover recklessness offenses.[8]

### III. Conclusion

Considering the Third Circuit's decision in *Bullock* in context of the court's existing crime-of-violence precedents, the Court is confident that *Bullock* did not rest on an understanding of the minimum *mens rea* for a crime of violence as defined at section 924(c)(3)(A) that was abrogated by *Borden*. Therefore, the Third Circuit's conclusion in *Bullock* that a violation of section 111(b) is a crime of violence directs this Court's consideration of Petitioner's motion. Accordingly, Petitioner's 924(c) conviction remains valid, and the Court

---

[8] After *Leocal*, the Ninth Circuit overruled its former precedent that recklessness offenses could be crimes of violence and, in its reconsideration of its earlier cases, was influenced by the Third Circuit's decision in *Popal*. *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1128—30 (9th Cir. 2006). In *Fernandez-Ruiz*, the Ninth Circuit explained that the "bedrock principle" of the Supreme Court's decision in *Leocal* was that "a federal crime of violence" had to "involve the intentional use of force against the person or property of another." 466 F.3d at 1130—32.

The Ninth Circuit subsequently decided in *United States v. Juvenile Female* that a violation of 18 U.S.C. §§ 111(a) and (b) constituted a "crime of violence" pursuant to 18 U.S.C. § 16. 566 F.3d 943, 947—48 (9th Cir. 2009). The court there explained that the different iterations of the offense—"assault involving a deadly or dangerous weapon" and "assault resulting in bodily injury"—both required "a willful attempt to inflict injury upon the person of another, or ... a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm." *Id.* (citation omitted). The Third Circuit cited *Juvenile Female* in *Bullock* in indicating its intent to join the Ninth Circuit and five other federal appellate courts that had determined section 111(b) constituted a "crime of violence." 970 F.3d at 215 (listing cases). The court also cited *United States v. Kendall* wherein the Tenth Circuit held that "conviction under § 111(b) necessarily require[s] a finding [the defendant] intentionally used, attempted to use, or threatened to use physical force against the person of another[.]" 876 F.3d 1264, 1270 (10th Cir. 2017) (citing *United States v. Hernandez-Hernandez*, 817 F.3d 207, 217 (5th Cir. 2016)).

will deny Petitioner's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.

It is so ordered.

s/ Alan N. Bloch<br>
United States District Judge

ecf:    Counsel of Record